EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN RODRÍGUEZ, acusado y apelante. EL MISMO, demandante y apelado, *v.* FAUSTO MARTÍNEZ, acusado y apelante. EL MISMO, demandante y apelado *v.* ERASMO DELGADO, acusado y apelante.

Nos. 5819, 5820 y 5821.—*Sometidos:* Diciembre 3, 1935. *Resueltos:* Diciembre 24, 1935.

*Cruz Ortiz Stella,* abogado de los apelantes; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se arrestó a tres hombres por vender o participar en la venta en las calles de ciertos billetes de un juego de azar conocido por el nombre de "La Bolita", en violación del artículo 293 del Código Penal que lee así:

"Todo el que vendiere, cediere, o en cualquiera forma supliere o traspasare a otro o para un tercero, algún billete, suerte, acción o

interés, o algún papel, certificado o instrumento que se presumiere o entendiere ser o representar algún billete, suerte o acción, o interés en cualquiera lotería, o que dependiere del resultado de la misma, será reo de *'misdemeanor'.''*

Todos ellos fueron convictos y en apelación han radicado su alegato principal en el caso número 5820.

■ Se ataca la suficiencia de la denuncia. La primera objeción fué que ésta no especificaba que se efectuó determinada venta, sino meramente que el acusado se dedicaba a la venta de ciertos "números". Quizá si estas palabras estuvieran solas podría haber alguna duda respecto a si los apelantes no estaban en lo cierto al sostener que no se imputaba una venta específica, pero más adelante en la denuncia se menciona una transacción demostrativa de una venta. Por lo menos esto es cierto en dos de las denuncias. Sin embargo, sin este refuerzo somos del criterio de que las palabras "se dedicaba a la venta" describen el acto de que el acusado efectuaba una venta.

■ Hubo un segundo señalamiento de error que atacaba la suficiencia de la prueba aducida en el caso. Un policía había ocupado un número de artículos o talones con números, y describió específicamente el método en que se vendían éstos. Entre los papeles ocupados había varias listas o relación de números, y en muchos sitios, nombres o iniciales precedían estos números. El policía que ocupó los artículos fué el testigo principal de El Pueblo. En dos de los casos declaró que vió al acusado efectuando las ventas, mientras que en el tercero oyó al acusado invitar a la gente a que le compraran un número. Bajo la Ley de Evidencia, y bajo otras disposiciones, la declaración de un solo testigo se presume cierta, es suficiente, y la de un policía no sirve de excepción.

En el caso del hombre que no fué visto efectuando la venta la suficiencia de la denuncia depende de la consideración general de que aquél que se dedica a la venta, está vendiendo.

Además, la invitación y, según se declaró, los papeles ocupados al acusado como prueba circunstancial, completaron el caso de El Pueblo.

*Las sentencias apeladas deben ser confirmadas.*